IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-241-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ERNEST CHARLES MCNEILL, III, ) | |
| ) | |
| Defendant. ) | |

On June 2, 2020, Ernest Charles McNeill, III ("McNeill") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 61, 62] and filed medical records in support [D.E. 63]. On August 19, 2020, the United States responded in opposition [D.E. 66]. On September 2, 2020, McNeill replied [D.E. 72]. As explained below, the court denies McNeill's motion.

On August 16, 2010, pursuant to a written plea agreement, McNeill pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine. See [D.E. 13, 14, 15, 16, 17, 18]. On February 23, 2011, the court held McNeill's sentencing hearing. See [D.E. 26, 27, 32]. At the hearing, the court adopted the facts set forth in the PSR and ruled on the objections. See Fed. R. Crim P. 32(i)(3)(A)–(B); [D.E. 26, 27, 32]. The court calculated McNeill's advisory guideline range to be 360 months' to life imprisonment based on a total offense level 39 and a criminal history category VI. See [D.E. 26, 27, 32]. After granting the government's motion for downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McNeill to 264 months' imprisonment. See Sentencing Tr. [D.E. 32] 18–23. McNeill did not appeal.

On August 3, 2011, McNeill moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. Amendment 750. See [D.E. 29]. On August 28, 2013, the court denied the motion. See [D.E. 36]. On March 30, 2015, the court granted the government's motion and reduced McNeill's sentence to 180 months' imprisonment. See [D.E. 39].

On August 13, 2019, McNeill moved for relief under the First Step Act. See [D.E. 47]. On April 15, 2020, the court denied the motion. See [D.E. 57]. McNeill appealed.[1] See [D.E. 58]. On August 27, 2020, the Fourth Circuit dismissed McNeill's appeal for failure to prosecute. See [D.E. 70].

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence

---

[1] The United States argues that McNeill's appeal divests this court of jurisdiction to hear this motion. See [D.E. 66] 14. However, the Fourth Circuit dismissed McNeill's appeal on August 27, 2020, and the mandate issued on August 27, 2020. See [D.E. 70, 71]. As such, the court rejects the jurisdictional argument.

2

under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not

---

> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

McNeill seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, McNeill relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 62] 2–8. Specifically, McNeill cites the COVID-19 pandemic, a positive test for COVID-19 in May 2020, his chronic obstructive pulmonary disease ("COPD"), asthma, Type 2 diabetes, obesity, other health issues, and his release plan. See id.; [D.E. 63] (medical records).

McNeill has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). See [D.E. 66] 15 ("Defendant has satisfied the exhaustion requirement."). Specifically, McNeill applied to the BOP for compassionate release more than 30 days before he filed this motion, and the BOP failed to act on that application before 30 days elapsed. See [D.E. 62] 2; 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court addresses McNeill's claims on the merits.

As for the "other reasons" policy statement, the court assumes without deciding that McNeill's COPD, asthma, Type 2 diabetes, obesity, and other health issues referenced in his medical records, coupled with the COVID-19 pandemic and McNeill's May 2020 positive test for COVID-19

5

are extraordinary circumstances consistent with application note 1(D).³ Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing McNeill's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–*8. McNeill engaged in serious criminal conduct and conspired to distribute 10,029.25 grams of powder cocaine base (crack), 62.9 grams of cocaine, and 640 grams of marijuana. See PSR [D.E. 67] ¶¶ 1–9. Moreover, McNeill has a deplorable criminal record and has performed poorly on supervision. See id. at ¶¶ 12–26. McNeill's convictions include, inter alia, larceny (two counts), possession of cocaine (six counts), assault on a female, possession with intent to sell and deliver cocaine (two counts), sell or deliver cocaine (three counts), shoplifting, possession with intent to sell and deliver cocaine, maintaining a vehicle, dwelling, or place for controlled substances, and elude with motor vehicle with more than three aggravating factors. See id. at ¶¶ 13–26. However, McNeill has taken some positive steps while incarcerated and has not sustained disciplinary infractions. See [D.E. 62] 7. Nonetheless, in light of McNeill's serious criminal conduct, deplorable criminal record, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate McNeill, the court declines to reduce McNeill's sentence. See, e.g., United States v. Latten, No. 1:02CR000111-012, 2019 WL 2550327, at *1–*4 (W.D. Va. June 20, 2019) (unpublished).

---

³ Although McNeill tested positive for COVID-19 in May 2020, his medical records indicate that he recovered from COVID-19. See [D.E. 63] 6; [D.E. 68] 8–9. Thus, these facts do not favor McNeill.

6

In sum, the court DENIES McNeill's motion for compassionate release [D.E. 61, 62].

SO ORDERED. This 13 day of October 2020.

JAMES C. DEVER III
United States District Judge